## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

FILED
06 AUG 10 PM 3 05
U.S. DISTRICT COURT
N.D. OF ALABAMA

Michael J. Mirras
Plaintiff

Vs.

Case No.:
Trial by Jury Demanded

MBNA
Defendant

CV-06-C-1579-S

### PLAINTIFFS' SATEMENT OF CLAIM

1   COMES NOW the Plaintiff, Michael J. Mirras.

2   Plaintiff respectfully submits Plaintiffs Statement of Claim.

3   The Defendant MBNA PO Box 17054, Wilmington, DE. 19884 is a credit lender and as such

4   governed under the law by The Fair Credit Reporting Act 15 USC §1681, *et seq*. and also reports

5   these accounts to the national credit reporting agencies i.e. Trans Union, Equifax, Experian and

6   Innovis all national credit reporting agencies.

7   The State of Alabama abides by and adheres to these laws. Thus establishing the jurisdiction of

8   this honorable court. Specifically the Fair Credit Reporting Act § 618 15 USC §1681p, *et seq*.

9   The Plaintiff denies ever having any contractual agreement for credit, loans or services

10  relationship with the Defendant.

11  Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged account

12  is not in question here. But the fact as to how it was or was not verified and wrongful actions of

13  the Defendant in inserting erroneous and inaccurate information and failure to indicate the

14  account is in dispute in the Plaintiffs credit reports, violated the civil rights of the Plaintiff and

15  the law as outlined in The Fair Credit Reporting Act 15 USC §1681, *et seq*.

16. The Plaintiff requested a copy of his Credit Report from Experian/Equifax on June 28, 2004 and
17. again in December 2005 and July 2006. The Plaintiff was alerted to this through his credit
18. monitoring service Privacy Guard who also records these transactions.
19. Upon inspection of the said report the Plaintiff observed that MBNA was listed on the Plaintiffs
20. Experian and Equifax credit report. Indicating a debt/account due to MBNA. MBNA has never
21. contacted the Plaintiff at anytime prior to today's date with any allegations of any alleged
22. debt/account.
23. The Plaintiff has not now or ever had any business affiliation or relationship with MBNA has
24. never applied for any type of mortgage, loan, credit card or insurance or employment reasons
25. with the Defendant.
26. The Plaintiff contacted the Defendant by U.S. Postal Service Certified Mail Return Receipt on
27. June 28, 2004 which the Defendant received on July 10th 2006 asking for proof of this alleged
28. account. The Plaintiff had contacted the Defendant by US mail on several other occasions prior
29. to this and had never received an answer from the Defendant and has attempted to have an
30. explanation from the Defendant without any response for over two years. After not receiving any
31. answer from the Defendant, the Plaintiff contacted the Defendant on July 10th 2006 with a final
32. notice of Pending Lawsuit in an attempt to settle this situation amicably to try and get a response
33. from the Defendant prior to filing this complaint.
34. The Defendant received this letter on July 10th 2006 via certified US Mail. The Defendant has
35. never responded to the Plaintiff.
36. The Plaintiff has tried every way possible to resolve these issues but has never received an
37. answer from MBNA, forcing the Plaintiff to this court action in order for the court to intervene in
38. this matter.
39. The derogatory erroneous and inaccurate information still remains on the Plaintiff's Credit report
40. to date.

41. The Plaintiff has requested confirmation/disputed this alleged account with Experian and
42. Equifax on several occasions and Experian and Equifax have confirmed that they are reporting it
43. correctly as advised to Experian and Equifax by MBNA.
44. The Defendant must also inform notice of dispute to the Major Credit Reporting agencies that
45. the alleged debt is in dispute, which the Defendant has not done. The Defendant has continued
46. reporting erroneous and inaccurate information by updating the Plaintiffs credit report for more
47. then two years even after informing the Defendant of this and asking for proof of any account
48. and has done so to-date. The Defendant is in violation the Fair Credit Reporting Act [15 U.S.C. §
49. 1681s-2], *et seq*. As follows:
50.    A. Failure to inform the National Credit Reporting Agencies that the alleged account is in
51.       dispute and failing to do so for over two years.
52.    B. Continually updating the Plaintiff's credit report for over two years with this erroneous
53.       and inaccurate information for over two years.
54. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 53
55. COUNT I through XXIV
56. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
57. According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of
58. information to consumer reporting agencies [15 U.S.C. § 1681s-2]:
59. (a) Duty of furnishers of information to provide accurate information.
60. (1) Prohibition.
61. (A) Reporting information with actual knowledge of errors. A person shall not furnish any
62. information relating to a consumer to any consumer-reporting agency if the person knows or
63. consciously avoids knowing that the information is inaccurate.
64. (B) Reporting information after notice and confirmation of errors. A person shall not furnish
65. information relating to a consumer to any consumer-reporting agency if

66  <u>(i) the person has been notified by the consumer, at the address specified by the person for such</u>
67  <u>notices, that specific information is inaccurate; and</u>
68  (ii) the information is, in fact, inaccurate.
69  (2) Duty to correct and update information. A person who
70  (A) regularly and in the ordinary course of business furnishes information to one or more
71  consumer reporting agencies about the person's transactions or experiences with any consumer;
72  and
73  (B) has furnished to a consumer reporting agency information that the person determines is not
74  complete or accurate, shall promptly notify the consumer reporting agency of that determination
75  and provide to the agency any corrections to that information, or any additional information, that
76  is necessary to make the information provided by the person to the agency complete and
77  accurate, and shall not thereafter furnish to the agency any of the information that remains not
78  complete or accurate.
79  (3) Duty to provide notice of dispute. If the completeness or accuracy of any information
80  furnished by any person to any consumer reporting agency is disputed to such person by a
81  consumer, the person may not furnish the information to any consumer reporting agency without
82  notice that such information is disputed by the consumer.
83  (b) Duties of furnishers of information upon notice of dispute.
84  (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with
85  regard to the completeness or accuracy of any information provided by a person to a consumer
86  reporting agency, the person shall
87  (A) conduct an investigation with respect to the disputed information;
88  (B) review all relevant information provided by the consumer reporting agency pursuant to
89  section 611(a)(2) [§ 1681i];
90  (C) report the results of the investigation to the consumer reporting agency; and

91  (D) if the investigation finds that the information is incomplete or inaccurate, report those results
92  to all other consumer reporting agencies to which the person furnished the information and that
93  compile and maintain files on consumers on a nationwide basis.
94  (2) Deadline. A person shall complete all investigations, reviews, and reports required under
95  paragraph (1) regarding information provided by the person to a consumer reporting agency,
96  before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer
97  reporting agency is required to complete actions required by that section regarding that
98  information.
99  The information from MBNA Services on the Experian/Equifax credit report of Plaintiff does
100 not reflect that the information is disputed by the consumer.
101 According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15
102 U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any requirement
103 imposed under this title with respect to any consumer is liable to that consumer in an amount
104 equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the
105 failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive
106 damages as the court may allow; and (3) in the case of any successful action to enforce any
107 liability under this section, the costs of the action together with reasonable attorney's fees as
108 determined by the court.
109 Plaintiff demands Judgement in the amount of $24,000.00 for each month the Defendant violated
110 the act by updating the Plaintiffs credit reports with inaccurate and erroneous information.
111 Plaintiff re-alleges the allegations set forth in paragraphs 54 through 110.
112 COUNT XXV through XLVIII
113 VIOLATION OF THE FAIR CREDIT REPORTING ACT
114 According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of
115 information to consumer reporting agencies [15 U.S.C. § 1681s-2]:
116 (a) Duty of furnishers of information to provide accurate information.

117 (1) Prohibition.

118 (A) Reporting information with actual knowledge of errors. A person shall not furnish any
119 information relating to a consumer to any consumer-reporting agency if the person knows or
120 consciously avoids knowing that the information is inaccurate.

121 (B) Reporting information after notice and confirmation of errors. A person shall not furnish
122 information relating to a consumer to any consumer-reporting agency if
123 (i) the person has been notified by the consumer, at the address specified by the person for such
124 notices, that specific information is inaccurate; and
125 (ii) the information is, in fact, inaccurate.

126 (2) Duty to correct and update information. A person who
127 (A) <u>regularly and in the ordinary course of business furnishes information</u> to one or more
128 consumer reporting agencies about the person's transactions or experiences with any consumer;
129 and
130 (B) has furnished to a consumer reporting agency information that the person determines is not
131 complete or accurate, shall promptly notify the consumer reporting agency of that determination
132 and provide to the agency any corrections to that information, or any additional information, that
133 is necessary to make the information provided by the person to the agency complete and
134 accurate, and shall not thereafter furnish to the agency any of the information that remains not
135 complete or accurate.

136 (3) <u>Duty to provide notice of dispute. If the completeness or accuracy of any information
137 furnished by any person to any consumer reporting agency is disputed to such person by a
138 consumer, the person may not furnish the information to any consumer reporting agency without
139 notice that such information is disputed by the consumer.</u>

140 (b) Duties of <u>furnishers</u> of information upon notice of dispute.

6

141  (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with
142  regard to the completeness or accuracy of any information provided by a person to a consumer
143  reporting agency, the person shall
144  (A) conduct an investigation with respect to the disputed information;
145  (B) review all relevant information provided by the consumer reporting agency pursuant to
146  section 611(a)(2) [§ 1681i];
147  (C) report the results of the investigation to the consumer reporting agency; and
148  (D) if the investigation finds that the information is incomplete or inaccurate, report those results
149  to all other consumer reporting agencies to which the person furnished the information and that
150  compile and maintain files on consumers on a nationwide basis.
151  (2) Deadline. A person shall complete all investigations, reviews, and reports required under
152  paragraph (1) regarding information provided by the person to a consumer reporting agency,
153  before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer
154  reporting agency is required to complete actions required by that section regarding that
155  information.
156  Plaintiff demands Judgement in the amount of $24,000.00 for each month the Defendant has
157  failed to report the alleged account in dispute.
158  Plaintiff re-alleges the allegations set forth in paragraphs 111 through 157.
159  Plaintiff has notified defendant MBNA multiple times by certified mail that the Plaintiff disputes
160  the inaccurate information.
161  Defendant MBNA continues to report the alleged debt on the Experian and Equifax credit report
162  of Plaintiff to date.
163  According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15
164  U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any requirement
165  imposed under this title with respect to any consumer is liable to that consumer in an amount
166  equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the

failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Plaintiff has a negative Experian credit score of 621 as of this date and has been denied credit and at reasonable rates because of the willful noncompliance actions erroneous and inaccurate reporting and/or inaction's of the defendants.

According to the Fair Credit Reporting Act, 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o]

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure;

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Plaintiff has a negative Experian credit score of 621 as of this date and has been denied credit at reasonable rates because of the negligent noncompliance actions and/or inaction's of the defendant. Plaintiff has suffered injury in the form of Defamation of character

THEREFORE Plaintiff requests judgment against Defendant for damages of $50,000.00 plus costs and fees and punitive damages as allowed by the court.

Defendant MBNA has never obtained verification of the account or mailed/provided such verification to the Plaintiff.

WHEREFORE, the defendant has violated the Fair Credit Reporting Act. Plaintiff demands Judgment in the amount of $48,000.00, plus all costs of this action along with punitive damages in the amount of $50,000.00

Respectfully submitted this 6th day of August 2006.

193
194
195
196
197
198
199
200
201
202

*[signature]*
Michael J. Mirras, Plaintiff
12484 Windy Ridge Drive
McCalla, AL. 35111-2800
(205) 938-1982/559-4610

## CERIFICATE OF SERVICE

I hereby certify that a copy of the forgoing complaint Mirras vs. MBNA
Was mailed by US certified mail #70030500000156637281 by the clerk of the court/delivered to
MBNA at the following address, PO Box 17054, Wilmington, DE. 19884
On August 10th 2006

*[signature]*
Michael J. Mirras, Plaintiff
12484 Windy Ridge Dr.
McCalla, AL. 35111-2800
205-938-1982/559-4610